1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RAYMOND D. JACKSON, Sr.,                    No.  2:15-cv-2066 DB P

12                  Plaintiff,

13        v.                                     ORDER

14   J. BICK, et al.,

15                  Defendants.

16

17        Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983 on the grounds that he has been subjected to retaliation for exercising his First

19   Amendment rights and that defendants have been deliberately indifferent to his serious medical

20   needs in violation of the Eighth Amendment.  Plaintiff has requested leave to proceed in forma

21   pauperis pursuant to 28 U.S.C. § 1915.  In addition, plaintiff seeks appointment of counsel on the

22   grounds that he is in imminent danger of injury.

23                   **MOTION TO PROCEED IN FORMA PAUPERIS**

24   **I.        In Forma Pauperis Statute - 28 U.S.C. § 1915(g)**

25        The federal in forma pauperis statute includes a limitation on the number of actions in

26   which a prisoner can proceed in forma pauperis.

27              In no event shall a prisoner bring a civil action or appeal a judgment
               in a civil action or proceeding under [§ 1915] if the prisoner has, on
28             3 or more prior occasions, while incarcerated or detained in any

                                            1

1
2
3

facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

4   28 U.S.C. § 1915(g).  See also Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999) ("[T]he

5   plain language of § 1915(g) requires that the court look at cases dismissed prior to the enactment

6   of the [Prison Litigation Reform Act] to determine when a prisoner has used his three strikes.").

7       For purposes of § 1915(g), the court must determine whether plaintiff has, on three or

8   more occasions prior to the filing of this new action, brought a civil action or appeal that was

9   dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which

10   relief could be granted.  Where a court denies a prisoner's application to file an action without

11   prepayment of fees on the grounds that the submitted complaint is frivolous, malicious or fails to

12   state a claim upon which relief may be granted, the complaint has been "dismissed" for purposes

13   of § 1915(g).  O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

14       **II.     Discussion**

15       Court records reflect that plaintiff filed this action after having brought three or more prior

16   civil actions that were dismissed on the grounds specified in 28 U.S.C. § 1915(g).[1]  Specifically,

17   plaintiff suffered strikes for purposes of § 1915(g) in the following cases:  (1) Jackson v. Cooley,

18   No. 2:05-cv-02616-CAS-CW (C.D. Cal. May 4, 2007) (order adopting March 20, 2007

19   recommendation to dismiss action for failure to state a claim), aff'd, No. 07-55806 (9th Cir. Oct.

20   7, 2009); (2) Jackson v. Veal, No. 2:07-cv-0397-MCE-KJM (E.D. Cal. Dec. 2, 2008) (order

21   adopting September 17, 2008 recommendation to dismiss action for failure to state a claim and

22   because defendant is immune from suit); (3) Jackson v. County of Los Angeles, No. 2:09-cv-

23   06109-UA-CW (C.D. Cal. Sept. 2, 2009) (order dismissing action for failure to state a claim); and

24   (4) Jackson v. County of Los Angeles, No. 09-56516 (9th Cir.) (December 10, 2009 order

25   denying motion to proceed in forma pauperis on ground that appeal was frivolous, and January

26   20, 2010 order dismissing appeal for failure to prosecute after plaintiff failed to pay the filing fee

27
28

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1  or show cause why the judgment challenged on appeal should not be summarily affirmed).[2]

2         Finally, it should be noted that this court previously found that plaintiff has "struck out"

3  under §1915(g).   Jackson v. Singh, No. 2:14-cv-2809 EFB (E.D. Cal. July 7, 2015) (order

4  adopting April 23, 2015 recommendation to deny plaintiff's application to proceed in forma

5  pauperis).  Plaintiff also identifies himself as a "three-striker" in his complaint.  (See ECF No. 1

6  at 1.)  However, Plaintiff argues that he falls within the exception to § 1915(g).

7         The § 1915(g) exception applies if the complaint makes a plausible allegation that

8  the prisoner faced "imminent danger of serious physical injury" at the time of filing.  28 U.S.C.

9  § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007).  For the exception to

10  apply, the court must look to the conditions the "prisoner faced at the time the complaint was

11  filed."   Andrews, 493 F.3d at 1053, 1056 (requiring that prisoner allege "an ongoing danger" to

12  satisfy the imminency requirement).  Courts need "not make an overly detailed inquiry into

13  whether the allegations qualify for the exception."  Id. at 1055; see also Ciarpaglini v. Saini, 352

14  F.3d 328, 331 (7th Cir. 2003) ("[Section] 1915(g) is not a vehicle for determining the merits of a

15  claim.... [T]o fine-tune what is 'serious enough' to qualify for the exception ... would result in a

16  complicated set of rules about what conditions are serious enough, all for a simple statutory

17  provision governing when a prisoner must pay the filing fee for his claim. This is not

18  required....").  Rather, the court should liberally construe the pro se plaintiff's allegations to

19  determine whether he has a plausible claim of imminent danger.

20         Plaintiff argues he is in imminent danger of further loss of eyesight because he is being

21  denied appropriate treatment for cataracts and glaucoma.  Originally, plaintiff complained that

22  _____

[2] The dismissal of this appeal, though styled as one for failure to prosecute, also qualifies
23  as a strike.  See O'Neal, 531 F.3d at 1153 (complaint is "dismissed" for purposes of § 1915(g)
even if dismissal is styled as denial of application to file the action without prepayment of the full
24  filing fee); see also, e.g., Lamon v. Junious, No. 1:09-cv-00484- AWI-SAB, 2014 WL 298327
(E.D. Cal. Jan. 27, 2014) (dismissal of appeal for failure to prosecute counted as "strike" where
25  underlying ground for dismissal was that appeal was frivolous), find. & recom. adopted, 2014
WL 897333 (Mar. 6, 2014); Thomas v. Beutler, No. 2:10-cv-01300-MCE-CKD P, 2012 WL
26  5921164 (E.D. Cal. Nov. 26, 2012) (same, and citing similar cases); Braley v. Wasco State
Prison, No. 1:07-cv-01423-AWI-BAM (E.D. Cal. Sept. 14, 2012) ("Plaintiff became subject to
27  section 1915(g) . . . when the appeal of the dismissal of his third action as frivolous was dismissed
for failure to prosecute.").
28

1   defendants refused to provide him a second medical opinion about the deterioration of his vision.

2   (See ECF Nos. 4, 8.)

3        While the court is required to consider plaintiff's claim of imminent danger as of the date

4   he filed his complaint, it is worth noting that since then, as explained by plaintiff in a recent

5   filing, plaintiff has been seen by a second physician, Dr. Seabrooks, at the prison and then sent

6   out to the Modesto Eye Surgery Medical Group, where he was diagnosed with "advanced

7   cataracts" by Dr. Tesluk.  (ECF No. 13.)  Both Drs. Seabrooks and Tesluk recommended cataract

8   surgery.  (Exs. 3 and 5 to ECF No. 13.)  Dr. Tesluk also recommended a procedure to address

9   plaintiff's glaucoma.  Apparently, as of August 9, 2016, the date plaintiff mailed his most recent

10  filing, plaintiff had not been scheduled for surgery.

11       Whether or not plaintiff has adequately alleged "imminent danger" is a close question.  At

12  the time he filed his complaint, plaintiff did not show that he required immediate surgery.

13  Moreover, he has, in fact, received some of the care he originally sought when he was seen by

14  Drs. Seabrooks and Tesluk.  However, he contended then, and contends now, that his eyesight is

15  rapidly deteriorating and that he has not received prompt care for his eye problems.  He further

16  states that he suffers eye pain, blurred vision, floaters, and black spots.  (ECF No. 9 at 3-4.)

17  Denial of medical treatment "may result in a pending imminent danger of serious physical injury

18  within the meaning of  28 U.S.C. § 1915(g)."  Freeman v. Collins, No. 2:08-cv-0071, 2011 WL

19  1397594 (S.D. Ohio Apr. 12, 2011) (citing numerous courts of appeals' cases), op. adopted, 2011

20  WL 6339687 (S.D. Ohio Dec. 19, 2011).  Because this court liberally construes plaintiff's

21  complaints of eye deterioration and pain, this court finds plaintiff has established an "imminent

22  danger of serious physical injury" and qualifies for the exception to § 1915(g).  Therefore,

23  plaintiff will not be required to pay the full filing fee up front to proceed with this action.  28

24  U.S.C. §§ 1914(a), 1915(b)(1).

25       By this order, plaintiff will be assessed an initial partial filing fee in accordance with the

26  provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate

27  agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the

28  Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent

4

1    of the preceding month's income credited to plaintiff's prison trust account. These payments will

2    be forwarded by the appropriate agency to the Clerk of the Court each time the amount in

3    plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

4                                      **SCREENING**

5            The court is required to screen complaints brought by prisoners seeking relief against a

6    governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

7    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

8    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

9    monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

10   A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v.

11   Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12   Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

13   indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

14   490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

15   pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16   Cir. 1989); Franklin, 745 F.2d at 1227.

17           A complaint must contain more than a "formulaic recitation of the elements of a cause of

18   action;" it must contain factual allegations sufficient to "raise a right to relief above the

19   speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "The pleading must

20   contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a

21   legally cognizable right of action." Id. (quoting 5 C. Wright & A. Miller, Federal Practice and

22   Procedure § 1216, pp. 235-35 (3d ed. 2004)). "[A] complaint must contain sufficient factual

23   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,

24   566 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility

25   when the plaintiff pleads factual content that allows the court to draw the reasonable inference

26   that the defendant is liable for the misconduct alleged." Id.

27           In reviewing a complaint under this standard, the court must accept as true the allegations

28   of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740

                                          5

(1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

Plaintiff identifies the following California Medical Facility staff as defendants:  J. Bick, Chief Executive Officer; N. Aguilera, primary care physician; M. DiTomas, Chief Physician and Surgeon; Jackie Clark, Chief Executive Officer; D.W. Horch,[3] Chief Support Executive; and J. Lewis, Deputy Director of Policy and Risk Management Services.  Plaintiff also identifies as a defendant L. Crosson, an "EENT Doctor Hired by State to Work at CMF."  Finally, plaintiff lists "Does 1 thru 20" as defendants.  (Compl. (ECF No. 1 at 2).)  Plaintiff raises two claims:  retaliation and deliberate indifference to his serious medical needs.  Plaintiff seeks relief in the form of compensatory and punitive damages and injunctions requiring treatment for his eye condition and prohibiting retaliatory conduct.

## I.      Retaliation

Plaintiff contends he has been subject to retaliation because of his history of submitting grievances and filing lawsuits, both on his own behalf and on the behalf of other inmates, his work writing up reports of staff misconduct, and, in 2013, plaintiff's actions to make the public and courts aware of the prison's denial of compassionate release to some inmates.  Plaintiff states that he has raised retaliation claims in other lawsuits.  His claim in this suit appears to be that Dr. Sabin told him he would never be a given a compassionate release because of this history of grievances, lawsuits, and reports.  Plaintiff states that he informed defendant Bick about Sabin's statement, and Bick told plaintiff that he agreed with Sabin and plaintiff would never be referred for a medical release.  Plaintiff states that he has attached Bick's statement as exhibit 7 to his complaint.  (Compl. (ECF No. 1 at 3-9).)  However, the complaint has no exhibit numbered 7.

The Ninth Circuit treats the right to file a prison grievance as a constitutionally protected First Amendment right.  <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1269 (9th Cir. 2009) (citing <u>Rhodes v. Robinson</u>, 408 F.3d 559, 566 (9th Cir. 2005)).  In order to state a retaliation claim, a plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the

[3] On his complaint form, plaintiff identifies this defendant as "D.W. Horell."  However, in the body of his complaint, plaintiff makes clear that the defendant is "D.W. Horch."

1    "substantial" or "motivating" factor behind the defendant's conduct.  <u>See</u> <u>Soranno's Gasco, Inc.</u>

2    <u>v. Morgan</u>, 874 F.2d 1310, 1314 (9th Cir. 1989).  The plaintiff must also plead facts which

3    suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory.

4    <u>Pratt v. Rowland</u>, 65 F.3d 802, 806 (9th Cir. 1995).

5         Verbal harassment alone is insufficient to state a claim.  <u>See</u> <u>Oltarzewski v. Ruggiero</u>, 830

6    F.2d 136, 139 (9th Cir. 1987).  Even threats of bodily injury are insufficient to state a claim,

7    because a mere naked threat is not the equivalent of doing the act itself.  <u>See</u> <u>Gaut v. Sunn</u>, 810

8    F.2d 923, 925 (9th Cir. 1987).  Mere conclusions of hypothetical retaliation will not suffice, a

9    prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's

10   constitutional rights."  <u>Frazier v. Dubois</u>, 922 F.2d 560, 562 n. 1 (10th Cir. 1990).

11        Here, plaintiff alleges only that he has been threatened with a future refusal to consider

12   him for a compassionate release.  Plaintiff does not allege he is eligible for such a release and was

13   denied.  Accordingly, plaintiff fails to state a cognizable claim under the First Amendment for

14   retaliation against defendant Bick.

15   **II.     Eighth Amendment Claim for Deliberate Indifference to Serious Medical Needs**

16        **A.  Allegations in the Complaint**

17   Plaintiff's second claim is for medical care for his eye condition.  Plaintiff states that he saw

18   defendant Crosson in 2011 and 2012 for his eye condition.  Crosson wrote in his notes that he

19   suspected glaucoma.  Plaintiff states that he was unaware of that diagnosis until he received a

20   copy of his medical records in 2014.  (Compl. (ECF No. 1 at 9).)

21   Around the time he saw Crosson, plaintiff also saw his primary care physician ("PCP")

22   defendant Aguilera.  He asked Aguilera to be referred to an EENT doctor due to his "on-going

23   eye discomfort."  Plaintiff was not referred to an EENT and his eyes were "slowly getting worse."

24   (<u>Id.</u> at 9-10.)

25   In September 2013, plaintiff submitted a health care request form to see an EENT.   He states

26   he received no response.  Thereafter, in mid-2014, plaintiff submitted several urgent requests on

27   CDCR form 22 to see an EENT.  On May 27, 2014, plaintiff sent a copy of those CDCR 22 forms

28   ////

1  to defendants Bick and Aguilera and to the warden's office. He continued to receive no reply.

2  (Id. at 10-11.)

3     In July 2014, plaintiff submitted more requests for care for his vision problems and

4  headaches. He states that defendant Aguilera responded to one request and referred to "open-line

5  for 7/14/14." Plaintiff states he received no treatment or open line on that date. (Id. at 11.)

6     Plaintiff submitted more health care requests and was finally seen by defendant Aguilera's

7  assistant in August 2014 and then by Aguilera on September 8, 2014. At that time, Aguilera sent

8  in a referral for plaintiff to be seen by EENT Crosson. In a note Crosson wrote in response to the

9  referral, he stated that plaintiff was overdue for an appointment. Plaintiff saw Crosson on

10  September 23, 2014. Crosson prescribed eye drops, which did not help. Plaintiff then submitted

11  another CDCR form 22 to see Crosson. He stated that his eyes were "constantly burning & vision

12  significantly impaired." (Id. at 11-12.)

13     On October 30, 2014, plaintiff submitted an inmate appeal seeking treatment by an outside

14  specialist. Therein, he complained about his treatment by Aguilera and Crosson. Defendant Bick

15  denied the appeal. (Id. at 12.)

16     Plaintiff next filed a staff complaint against defendant Bick. Defendant DiTomas interviewed

17  plaintiff about the complaint. DiTomas also reviewed plaintiff's appeal and denied it. Defendant

18  Horch then denied it at the next level. Defendant Clark granted in part plaintiff's next level

19  appeal, but told plaintiff that if he wanted to see an outside specialist, he must pay for it. (Id. at

20  15-16.) Defendant Lewis denied plaintiff's final appeal. (Id. at 17-18.)

21     Plaintiff then filed additional appeals, for which he had not received a response when he filed

22  his complaint. In addition, plaintiff filed several more health care requests and CDCR 22 forms.

23  (Id. at 18-20.)

24     Finally, plaintiff states that he saw defendant Crosson shortly before he filed this action. He

25  states that Crosson told him he did not know what was wrong and confirmed that if plaintiff

26  wanted a second opinion, he would have to pay for it himself. (Id. at 20-22.)

27  ////

28  ////

8

1

**B.  Legal Standards**

2      To state a §1983 claim for violation of the Eighth Amendment based on inadequate medical

3  care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate

4  indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  To prevail,

5  plaintiff must show both that his medical needs were objectively serious, and that the defendants

6  possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 299 (1991);

7  McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992).  The requisite state of mind for a medical

8  claim is "deliberate indifference."  Hudson v. McMillian, 503 U.S. 1, 5 (1992).

9      A serious medical need exists if the failure to treat a prisoner's condition could result in

10  further significant injury or the unnecessary and wanton infliction of pain.  Indications that a

11  prisoner has a serious need for medical treatment are the following: the existence of an injury that

12  a reasonable doctor or patient would find important and worthy of comment or treatment; the

13  presence of a medical condition that significantly affects an individual's daily activities; or the

14  existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-

15  41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989).

16  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX

17  Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

18      In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court established a demanding

19  standard for "deliberate indifference."  Negligence is insufficient.  Farmer, 511 U.S. at 835.  Even

20  civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so

21  obvious that it should be known) is insufficient to establish an Eighth Amendment violation.  Id.

22  at 836-37.  It is not enough that a reasonable person would have known of the risk or that a

23  defendant should have known of the risk.  Id. at 842.  Rather, deliberate indifference is

24  established only where the defendant subjectively "knows of and disregards an excessive risk to

25  inmate health and safety."  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal

26  citation omitted) (emphasis added).

27  ////

28  ////

9

**C.  Has Plaintiff Stated an Eighth Amendment Claim?**

Plaintiff alleges each defendant was aware of his deteriorating eye condition and refused to provide him timely care.  The court finds plaintiff has alleged a serious medical need that continued to worsen when he did not receive care from defendants Crosson and Aguilera.  Accordingly, plaintiff's complaint appears to state cognizable Eighth Amendment claims against those defendants.  In addition, plaintiff's allegations against defendants Bick, DiTomas, Clarke, Horch, and Lewis that they were aware of his eye problem because they reviewed his appeals and requests for care, yet they did not respond by directing that he receive appropriate care, also appear to state cognizable Eighth Amendment claims.  See Brammer v. Yates, No. 1:07-cv-1350 GBC (PC), 2011 WL 5873393, at *5 (E.D. Cal. Nov. 22, 2011) ("[A] plaintiff may establish liability on the part of defendants involved in the administrative grievance process under the Eighth Amendment by alleging that his appeal put defendants on notice that he had a serious medical need that was not being met, and their denial, therefore, constituted deliberate indifference to his medical need."); Uriarte v. Schwarzenegger, No. 06cv1558-MMA (WMC), 2011 WL 4945232, at *6 (S.D. Cal. Oct. 18, 2011) ("[A] plaintiff may establish liability on the part of defendants involved in the administrative grievance process under the Eighth Amendment by alleging that his appeal put the defendants on notice that he had a serious medical need that was not being met, and that their denial therefore constituted deliberate indifference."); Kunkel v. Dill, No. 1:09-cv-00686 LJO SKO PC, 2010 WL 3718942, at *1 (E.D. Cal. Sept. 15, 2010) ("Plaintiff, here, has alleged sufficient facts that plausibly support the conclusion that Defendant Pfeiffer, despite having no medical training, was aware that the denial of Plaintiff's administrative appeal requesting medical treatment exposed Plaintiff to an excessive risk of harm."); Herrera v. Hall, No. 1:08-cv-01882 LJO SKO PC, 2010 WL 2791586, at *4 (E.D. Cal. July 14, 2010) ("[I]f there is an ongoing constitutional violation and the appeals coordinator had the authority and opportunity to prevent the ongoing violation, a plaintiff may be able to establish liability by alleging that the appeals coordinator knew about an impending violation and failed to prevent it."), find. & recom. adopted, 2010 WL 3430412 (E.D. Cal. Aug. 30, 2010).

////

**MOTION FOR APPOINTMENT OF COUNSEL**

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find that plaintiff's eye condition, or the other bases asserted in his motion, amount to exceptional circumstances.  In fact, plaintiff has filed numerous documents with the court and appears fully capable of managing this litigation.

Accordingly, IT IS HEREBY ORDERED as follows:

1.   Plaintiff's application to proceed in forma pauperis (ECF No. 7) makes the showing required by 28 U.S.C. § 1915(a)(1) and (2) and is granted.  Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. §1915(b)(1).

2.   Plaintiff's claim for retaliation in violation of the First Amendment is dismissed without prejudice.

3.   Service of the complaint is appropriate on defendants Bick, Aguilera, Crosson, DiTomas, Clarke, Horch, and Lewis.

4.   The Clerk of the Court shall send plaintiff seven USM-285 forms, one summons, an instruction sheet, and a copy of the original complaint.

////

5.   Within thirty days of the date of this order, plaintiff s shall complete the attached

Notice of Submission of Documents and submit all of the following documents to the

court at the same time:

a. The completed, signed Notice of Submission of Documents;

b. One completed summons;

c. One completed USM-285 form for each defendant listed in number 2

above; and

d. Eight copies of the endorsed original complaint.

6.  Plaintiff need not attempt service on defendants and need not request waiver of service.

Upon receipt of the above-described documents, the court will direct the United States

Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure

4 without payment of costs.

7.   Plaintiff's motion for appointment of counsel (ECF No. 4) is denied.

Dated:  January 23, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/jack2066.1915g.ifp

12

1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RAYMOND D. JACKSON, Sr.,                     No.  2:15-cv-2066 DB P

12                    Plaintiff,

13          v.                                     ORDER

14   J. BICK, et al.,

15                    Defendants.

16

17          Plaintiff submits the following documents in compliance with the court's order filed

18   _____:

19          _____       completed summons form

20          _____       completed USM-285 forms

21          _____       copies of the _____
                                      Complaint
22

23   DATED:

24

25                                         _____
                                           Plaintiff
26

27

28
                                       14