UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND D. JACKSON, Sr., <br><br> Plaintiff, <br><br> v. <br><br> J. BICK, et al., <br><br> Defendants. | No. 2:15-cv-2066 DB P <br><br> ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Presently before the court is defendant Seabrooks' motion to dismiss (ECF No. 27), plaintiff's response (ECF No. 46), plaintiff's request for an extension of time to serve defendant Clarke (ECF No. 46), plaintiff's motion for a preliminary injunction (ECF No. 46), and plaintiff's request for a stay of the proceedings (ECF No 46). For the reasons set forth below the court will grant plaintiff's motion for an extension of time, recommend defendant Seabrooks be dismissed, and recommend plaintiff's motion for preliminary injunction be dismissed.

**MOTION TO DISMISS**

On August 23, 2017, defendant Seabrooks responded to the complaint by filing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Plaintiff requested and was

---

[1] Defendants Aguilera, Bick, Crosson, DiTomas, Horch, and Lewis responded to the complaint by filing an answer. (ECF No. 40.) Defendant Clarke has not been served.

1

granted an extension of time to file an opposition the motion to dismiss. (ECF Nos. 29, 30.) Plaintiff did not file an opposition within the thirty day extension.

On January 22, 2017, the court directed plaintiff to file an opposition or a statement of non-opposition to the pending motion to dismiss within thirty days. (ECF No. 43.) Plaintiff was advised that failure to file an opposition would result in a recommendation that defendant Seabrooks be dismissed from this action.

On February 25, 2018, plaintiff filed a response in which he stated he does not oppose dismissal of defendant Seabrooks from this suit. (ECF No. 46 at 8.) Defendant Seabrooks filed a reply arguing the court should grant the motion to dismiss and enter an order dismissing her from this action with prejudice. (ECF No. 47.) In light of plaintiff's statement of non-opposition the court will recommend dismissal of defendant Seabrooks from this action.

**MOTION FOR AN EXTENSION OF TIME**

Plaintiff requested a twenty day extension of time in order to provide the court further information so that defendant Clarke may be properly served. (ECF No. 47 at 8.) The court will grant the extension; however, plaintiff is advised no further extensions of time will be granted absent extraordinary circumstances.

**MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff requests a preliminary injunction ordering CDCR officials and California Medical Facility ("CMF") employees to provide plaintiff with urgent medical treatment before he loses his eyesight. (ECF No. 46 at 2.) Plaintiff alleges defendants and other CMF officials have on two separate occasions intentionally failed to send plaintiff's medical records with plaintiff to outside medical appointments. (Id. at 3.) He claims the outside specialist has been unable to properly diagnose the cause of plaintiff's vision issues without his medical records. (Id.)

**A.  Legal Standards**

A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief

hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principle purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed. 2014). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. Preliminary injunctive relief is not appropriate until the court finds that the plaintiff's complaint presents cognizable claims. See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claims . . . .").

In cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Further, an injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party . . . .").[2]

---

[2] However, the fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 16519(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and

3

**B. Analysis**

In order for the court to issue a preliminary injunction, plaintiff must demonstrate that irreparable injury is "likely in the absence of an injunction." Winter, 555 U.S. at 20.

Based on exhibits attached to the present motion and prior filings it appears that doctors have determined plaintiff's vision issues were caused by radiation he received for nose cancer. (See ECF No. 46 at 29 (letter written by Dr. Tesluk's stating that radiation plaintiff received for nose cancer caused plaintiff's cataracts); ECF No. 11 at 2 (plaintiff citing Dr. Seabrooks' statement that radiation treatments caused plaintiff's cataracts).) Because it appears there has been a determination of the cause of plaintiff's vision issues, he has not shown he is likely to suffer irreparable injury if the court does not issue an injunction ordering prison officials to assist in diagnosing him.

It also appears, based on the same filings that plaintiff's vision has remained static for some time. (See ECF No. 11 at 5 (Plaintiff's "vision was 20/400 in each eye with best correction" as of May 2016); ECF No. 46 at 34 (Plaintiff's "vision with best correction was 20/400" in January 2017); ECF No. 46 at 68 Dr. Seabrooks noted plaintiff's "visual acuity . . . was 20/160 in the right eye").)

Plaintiff has not shown that his condition is rapidly deteriorating or that prison officials have failed to diagnose him. Therefore, he has not shown that he is likely to suffer irreparable injury if the court does not issue an injunction. See McSorley v. Northern Nevada Correctional Center, 225 Fed.Appx. 448, 449 (9th Cir. 2007) (holding district court did not abuse its discretion in denying injunctive relief to prisoner alleging lack of proper medical care, where prisoner failed to sufficiently demonstrate he was receiving a level of care that violated Eighth Amendment standards such that he would be entitled to preliminary injunctive relief.). Plaintiff may disagree with the course of treatment being prescribed, but he has not shown that the care he is receiving warrants intervention by the court at this time. See Jackson v. MacIntosh, 90 F.3d 330, 332 (9th

---

preservation of its jurisdiction. Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

Cir. 1996) (a mere disagreement over treatment plans is insufficient to invoke § 1983); <u>see also</u> <u>Sandin v. Conner</u>, 515 U.S. 472, 482-83 (1995) (disapproving the involvement of federal courts in the day-to-day management of prisons). Accordingly, the court will recommend that plaintiff's motion for preliminary injunction be denied at this time.

## REQUEST FOR A STAY OF THE PROCEEDINGS

Plaintiff requests the court stay the proceedings until such time as his eyesight stabilizes, then fast track this litigation. (ECF No. 46 at 7-8.)

The court has broad discretion to stay proceedings as an incident to its power to control its own docket. <u>Clinton v. Jones</u>, 520 US. 681, 706 (1997) (citing <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936)). The party requesting a stay has the burden of establishing its need, <u>id.</u> at 708, and must make out a clear case of hardship or inequity in being required to go forward. <u>Lockyer v. Mirant Corp.</u>, 398 F.3d 1098, 1109 (9th Cir. 2005) (quoting <u>Landis</u>, 299 U.S. at 255). In determining whether to grant a motion to stay, the court must weigh the competing interests affected by the grant or refusal of a stay. <u>Id.</u> at 1110 (citing <u>Landis</u>, 299 U.S. at 268). These interests include: (1) the possible damage which may result from the granting of a stay, (2) the hardship of inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. <u>Id.</u> "Generally, stays should not be indefinite in nature." <u>Dependable Highway Exp., Inc. v. Navigators Ins. Co.</u>, 498 F.3d 1059, 1066-67 (9th Cir. 2007). If a stay is especially long or its term is indefinite, a greater showing is required to justify it. <u>Yong v. I.N.S.</u>, 208 F.3d 1116, 1119 (9th Cir. 2000).

While the court is sympathetic to plaintiff's difficulties litigating this case in light of his vision issues, he has shown he is capable of responding to the court's orders. Plaintiff has not shown that his vision issues prevent him from proceeding with this case. Because plaintiff has not shown that the imposition of an indefinite stay is warranted at this time, the court will recommend his request be denied.

////

////

5

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to randomly assign this matter to a district judge; and

2. Plaintiff's motion for an extension of time (ECF No. 46) is granted. Within twenty days of the date of this order plaintiff shall provide the court with further information so that defendant Clarke may be properly served. Plaintiff is warned that failure to provide further information will result in a recommendation that defendant Clarke be dismissed from this action.

IT IS HEREBY RECOMMENDED that:

1. Defendant Seabrooks motion to dismiss (ECF No. 27) be granted;

2. Defendant Seabrooks be dismissed from this action;

3. Plaintiff's motion for preliminary injunction (ECF No. 46) be denied; and

4. Plaintiff's request for a stay (ECF No. 46) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 19, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner-Civil Rights/jack2066.mtd.nonoppo