UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND D. JACKSON, Sr.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. BICK, et al.,<br><br>　　　　　Defendants. | No. 2:15-cv-2066 WBS DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in an action brought pursuant to 42 U.S.C. § 1983. Plaintiff asserts a claim under the Eighth Amendment for deliberate indifference to medical needs. Plaintiff is currently housed at California Medical Facility ("CMF"). Presently before the court is plaintiff's motion for transfer. (ECF No. 49.)

This case is scheduled for a settlement conference on May 10, 2018 before Magistrate Judge Edmund Brennan. (ECF No. 44.) Plaintiff alleges officials at CMF informed him that he will be transported to California State Prison-Sacramento ("CSP-SAC") seven days before the settlement conference and housed in the administrative segregation unit before he is brought to the settlement conference. Plaintiff further alleges he will be returned to CSP-SAC following the settlement conference and held there for some time before returning to CMF. Plaintiff moves for an order directing officials at CMF to transfer plaintiff directly from California Medical Facility to the settlement conference and directly back to California Medical Facility. (ECF No. 49.)

1

The court recently informed plaintiff of the legal standards for injunctive relief and explained that in order for the court to issue a preliminary injunction he must demonstrate that he is likely to suffer irreparable injury if the court does not issue an injunction. (See ECF No. 48 at 2-4.) Further, the Supreme Court has cautioned the federal courts not to interfere with the day-to-day operations of the prisons, especially those decisions related to security, a task which is best left to prison officials who have particular experience in dealing with prisons and prisoners. Turner v. Safley, 482 U.S. 78, 89 (1987). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff speculates that CSP-SAC does not have the medical equipment and/or supplies to accommodate his medical needs, which include irrigating his nasal cavity three times per day, receiving pain medication, and dietary concerns. (ECF No. 49.) However, plaintiff's speculation that CSP-SAC may not be able to accommodate his medical needs is not sufficient to warrant a directive from the court. See Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984); Caribbean Marine Services Co., Inc. v. Baldridge, 844 F.2d 668, 674 (1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction.") Plaintiff's generalized fears about his temporary stay at CSP-SAC are not sufficient. See Manago v. Williams, No. 07-cv-2290 LKK KJM P, 2008 WL 2388652 (E.D. Cal. June 5, 2008) (denying motion for order prohibiting transfer to any institution where plaintiff would be unable to receive adequate mental health care). Plaintiff may inform prison officials or the court if he does not receive adequate care while housed at CSP-SAC.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive relief be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings

and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 5, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner-Civil Rights/jack2066.mt4transf